IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE JAIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-2009 |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE | ) | |
| OFFICER CARLOS ORTIZ, Star # 17530, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, CHARLIE JAIMES, through his attorney, Jared S. Kosoglad, and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICER CARLOS ORTIZ, Star # 17530, states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. Plaintiff CHARLIE JAIMES is a citizen of the United States of America, who at all times relevant resides in Chicago, Cook County, Illinois.

4. Defendant CARLOS ORTIZ, Star #17530, was, at the time of this occurrence, a duly licensed Chicago Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. Defendant CITY OF CHICAGO ("CITY") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**FACTS**

6. On or about September 11, 2014, Plaintiff worked as a bar tender and had an incident with Defendant Ortiz, who effectively engaged in a scam to obtain free drinks where Plaintiff tending bar.

7. On March 17, 2015, Defendant Ortiz conducted a traffic stop of Plaintiff's vehicle without probable cause or any other legal basis.

8. On both of the above mentioned dates, Plaintiff wore a unique mustache that made him readily identifiable.

9. Upon information and belief, Defendant Ortiz had recognized Plaintiff from the bar because of Plaintiff's unique mustache.

10. During the traffic stop, Defendant Ortiz searched Plaintiff's vehicle without probable cause or any other legal basis.

11. During the traffic stop, Defendant Ortiz engaged in a field sobriety test without probable cause or other legal basis.

12. During or prior to the sobriety tests, Defendant Ortiz formed the intent to lie about Plaintiff's traffic stop, moving Plaintiff away from the camera for no reason.

13. Defendant Ortiz failed to record audio of the traffic stop in violation of Chicago Police General Orders.

14. Defendant Ortiz failed to accurately report the traffic stop, including the failure to indicate that his vehicle had taken video of the traffic stop, in an effort to cover-up his illegal actions.

15. Defendant Ortiz, during his unlawful search of Plaintiff's vehicle, discovered a small amount of marijuana and paraphernalia. Defendant Ortiz deliberately misreported the amount of marijuana found in order to charge Plaintiff with a felony.

16. Defendant Ortiz swore out a criminal complaint falsely charging Plaintiff with possession of a felonious amount of marijuana and issues several false Illinois driving citations.

17. Defendant unlawfully seized and impounded Plaintiff's vehicle.

18. Defendant Ortiz wrongfully charged Plaintiff with eight distinct offenses.

19. Defendant Ortiz also falsely and without any legal justification subjected Plaintiff to charges of driving under the influence.

20. Consequently, Plaintiff suffered the automatic summary suspension of his driver's license by the Secretary of State.

21. On July 28, 2015, a Court ordered that the summary suspension be rescinded because there was no reasonable grounds for having suspended Plaintiff's license in the first place.

22. On or about March 17, 2015, Plaintiff's criminal defense counsel met with members of the Cook County State's Attorneys' Office, who immediately recognized the Defendant's claims as false and dismissed all charges against Plaintiff.

23. As a consequence of the various baseless criminal and administrative proceedings, Plaintiff incurred attorneys' fees of approximately $15,000.

24. Defendant Ortiz caused the initiation and/or continuation of false charges against Plaintiff for which the he there was no probable cause or other legal basis.

25. Defendant lied about numerous circumstances of Plaintiff's arrest and intentionally treated Plaintiff different from other arrestees with no rational basis.

26. Defendant engaged in the unlawful conduct described herein out of personal animus toward Plaintiff.

27. As a direct and proximate result of the malicious actions of Defendant Ortiz, Plaintiff was injured, including loss of freedom, humiliation, embarrassment, dignity, the deprivation of his constitutional rights, physical injuries, attorney's fees, and lost time.

## COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure
### Against Defendant Ortiz

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. The searches and seizures of Plaintiff's person, property, and vehicle performed willfully and wantonly by the Defendant, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

30. As a proximate result of the above-detailed actions of defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person and property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage. WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against

Defendant for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Retaliation
### Against Defendant Ortiz

31. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

32. Defendant acted willfully to deprive Plaintiff of his constitutional rights in retaliation for an incident at a bar.

33. As a direct and proximate result of the malicious actions of Defendant Ortiz, Plaintiff was injured, including but not limited to embarrassment, humiliation, the deprivation of his constitutional rights and his dignity, attorneys' fees, and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Ortiz for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 - Equal Protection Class of One Claim
### Against Individual Defendants

34. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

35. Plaintiff was the victim of intentional discrimination by DEFENDANT OFFICER ORTIZ who knew or should have known that he had no justification for singling Plaintiff out for unfavorable treatment and who acted out of personal animosity toward Plaintiff.

36. DEFENDANT OFFICER ORTIZ treated Plaintiff differently than other arrestees similarly situated, going out of his way to harm Plaintiff in order to cause Plaintiff unnecessary injury.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANT OFFICER and award compensatory and punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

### COUNT IV: 42 U.S.C. § 1983 – False Arrest
**Against Defendant Ortiz**

37. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

38. The actions of the individual defendant, described above, whereby defendant knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, embarrassment, humiliation, attorney's fees, and the loss of his liberty.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: Malicious Prosecution —Federal Claim[1]
**Against Defendant Ortiz**

40. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

---

[1] Plaintiff recognizes that the Seventh Circuit Court of Appeals currently does not recognize a federal malicious prosecution claim, but that issue will likely be resolved by Manuel v. City of Joliet, 14-9496, which was argued in the U.S. Supreme Court in October 2016. Accordingly, Plaintiff will not pursue the federal claim until permitted by the U.S. Supreme Court or will withdraw the claim if forbidden.

41. By the actions detailed above, the individual defendant knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which he knew there was no probable cause.

42. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officer performed the actions complained of while on duty and/or in the employ of defendant City, and while acting within the scope of this employment.

43. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

44. WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against thee DEFENDANT OFFICER and award compensatory and punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

## COUNT VI: 745 ILCS 10/9-102 – Indemnification
## Against Defendant City of Chicago

45. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

46. Defendant City of Chicago is the employer of Defendant Officer.

47. Defendant Officer committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

WHEREFORE, should Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

CHARLIE JAIMES

By:


___/s Jared S. Kosoglad_____
One of Plaintiff's Attorneys

Jared S. Kosoglad
Jared S. Kosoglad, P.C.
223 W. Jackson, Suite 200
Chicago, IL 60606
T: 312-513-6000
E: jared@jaredlaw.com